UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

PEAK, FREDERICK B. (L4SSN: 4711)
DEBTOR

\* Chapter 13
\* Case No. 19-11200

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

## CHAPTER 13 PLAN
## MIDDLE DISTRICT OF GEORGIA
### [SEE MFR DATED 10/31/2019]

**Part 1: Notices**

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**The following matters may be of particular importance to you. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | The plan seeks to limit the amount of a secured claim, as a set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | The plan request the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | ☒ Included | ☐ Not Included |
| 1.3 | The plan sets out **Nonstandard Provision in Part 6** | ☒ Included | ☐ Not Included |

**Income status of debtor(s) as stated on Official form 122-C1.**

**Check One:**

☒ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

## Part 2: Plan Payments and Length of Plan

2.1. **Plan Payments:** The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s' employer) shall pay to the Trustee the sum **of $468.00/month.**

2.2. **Additional Payments:** Additional payments of $_____ will be made on _____ from _____. (Source)

2.3. **Trustee Percentage Fee:** as set by the United States Trustee will be collected from each payment made by the debtor(s).

2.4. **Plan Length:** If the debtor(s)' current monthly income is less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.

If the debtor(s)' current monthly income is not less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

## Part 3: Treatment of Secured Claims

From the payments so received, the Trustee shall make disbursements to allowed claims as follows:

3.1. **Long Term Debts:** The monthly payments will be made on the following **LONG-TERM DEBTS:** (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT | CHECK IF PRINCIPAL RESIDENCE |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

GAMB Form 113 10/9/2019

3.2. **Arrearages:** After confirmation, distributions will be made to cure arrearages on long term debts where the last payment is due after the last payment under the plan. If no monthly payment is designated, the **ARREARAGE** claims will be paid after the short term secured debts listed in Section 3.3 and 3.5.

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (if applicable) | COLLATERAL | MONTHLY PAYMENT IF ANY |
|---|---|---|---|---|
| | $ | | | $ |

3.3. **Claims Not Subject to Cram Down:** The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within **910 DAYS** of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within **1 YEAR** of filing. *See* §1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| | $ | | | $ |
| | $ | | | $ |

3.4. Preconfirmation **ADEQUATE PROTECTION** Payments: will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| | $ |
| | $ |

3.5. **Secured Creditors Subject to Cramdown:** After confirmation of the plan, the following secured creditors who are **SUBJECT TO CRAMDOWN**, with allowed claims will be paid as follows:

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| Peritus | $1,000.00 | $4,543.00 | 5.5% | '04 Expedition | $30.00 |
| Titlemax | $5,000.00 | $6,085.00 | 7.5% | '10 Acadia | $180.00 |
| GA Revenue | $5,336.00 | N/A | 0% | Tax Liens | $90.00 |

GAMB Form 113 10/09/2019

3.6. **Surrendered Collateral:** The following collateral is **SURRENDERED** to the creditor. If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions**. The debtor(s) agree to termination of the stay under 11 U.S.C.§362(a) and §1301 with respect to the collateral; upon confirmation of the plan. An allowed unsecured claim resulting from the dispositions of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| Merchants Preferred Lease | RTO 3 Recliners |
| Progressive Leasing | RTO DR Set & 2 Recliners |

3.7. **Debts Paid by Debtor:** The following debts will be paid directly by the debtor(s). **(Also, debtor assumes all contracts and unexpired leases listed in this paragraph):**

| NAME OF CREDITOR | COLLATERAL |
|---|---|
| _____ | _____ |
| _____ | _____ |

3.8. **Liens Avoided:** The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

**Part 4: Treatment of Fees and Priority Debt**

4.1. **Attorney Fees:** Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of at $175.00/hour to be paid as follows: **(SELECT ONE)**

☐Pursuant to the current Administrative Order on Attorney Fee Awards

☒By another method as set out in Part 6 Nonstandard Provisions. Attorney will be required to submit an itemization of their time to the Court. Attorney fees will not exceed $3,250.00 unless a separate itemization is served on all creditors at least 21 days in advance.

4.2 **Trustee's Fees:** Trustee's fees are governed by statute and may change during the course of the date.

4.3. **Domestic Support Obligations:** The following **DOMESTIC SUPPORT** obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of _____%. **(If this is left blank, no interest will be paid.)**

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| _____ (for [son/daughter], age ____ ) | $_____/month |

[Current obligation $_____/month: Total monthly payment of $_____ includes $_____/month toward total arrearages of $_____ ). Payments are being made [directly to _____] OR [by payroll deduction] At this time, debtor is paying [directly] OR [through _____ Child Support Agency]. Debtor proposes to continue to make payments directly OR [by payroll deduction] OR [Debtor proposes to pay arrears through bankruptcy @ $_____/month]].

4.4. **Priority Claims:** All other 11 U.S.C. § 507 **PRIORITY** claims, unless already listed under 4.2 will be paid in full over the life of the plan as funds become available in the order specified by law. {$3,448.00 to IRS @ $58.00/month}   {$948.00 to GA Rev @ $18.00/month}.

## Part 5: Treatment of Non Priority Unsecured Claims

5.1. **Payment Parameters: Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtor(s) will pay the highest of the three)**

(a) Debtor(s) will pay all of the disposable income as shown on Form I22C of $0.00 to the nonpriority unsecured creditors in order to be eligible for a discharge, unless debtor(s) include contrary provisions in **Part 6 Nonstandard Provisions** along with sufficient legal reason justifying the excusal from meeting this requirement.

(b) If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive $0.00. Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case. {unex}

(c) The debtor(s) will pay $0.00 to the general unsecured creditors to be distributed prorata.{lux/inc/stu/other}

5.2. **General Unsecured Creditors:** General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE):**

(a) $_____dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section 2.3.**

(b) the debtor(s) anticipates unsecured creditors will receive a dividend of $0.00, but will also pay the highest amount shown in paragraph,5.1(a),5.1(b) or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3. **Unsecured Claims:** The following unsecured claims are **CLASSIFIED** to be paid at 100%. If the debtor(s) is proposing to pay interest on classified claims, or to pay the claims a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provision. (If "interest" column below is left blank, no interest will be paid).**

| NAME OF CREDITOR | COLLATERAL | INTEREST RATE (IF APPLICABLE) | REASON FOR CLASSIFICATION |
|---|---|---|---|
| | | | |
| | | | |

5.4. **Executory Contracts and Unexpired Leases:** The executory **CONTRACTS AND UNEXPIRED LEASES** listed below are **ASSUMED.** All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments are shown in **Part 6 Nonstandard Provisions.** (Also, debtor assumed all contracts and unexpired leases listed in paragraph 3.7)

NAME OF CREDITOR                                    DESCRIPTION OF CONTRACT/LEASE
**Andrew Thomas**                                    **Residential Lease agreement**

5.5. **Property of the Estate:** Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court' jurisdiction, notwithstanding §327(b), except as otherwise provided in **Part 6 Nonstandard Provisions** below. Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s). All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s). The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

5.6.  **Validity of Liens or Preference Actions:** Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference action will be grounds for modification of the plan.

**Part 6: Nonstandard Provisions**

**Nonstandard Provisions:** Under Bankruptcy rule 3015(c), all nonstandard provisions are required to be set forth below. *These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.*
  (1) "Long Term" debt shown in paragraph 2(b) and debts shown in paragraph 2(l) above shall retain the lien securing such claim until the completion of the payment of the underlying debt as determined under non bankruptcy law. Any other allowed secured claim provided for by this plan shall retain the lien securing such claim: However, within thirty (30) days of either; (a)completion of the payment of the underlying debt as determined under nonbankruptcy law, or (b)discharge from bankruptcy {whichever shall occur first}, the holder (with the exception of the holder(s) of federal and state tax lien(s)) of such claim shall release its lien and return any title documents to the owner as listed on the Certificate of Title (unless there is a joint "Owner" on the Certificate of Title who is not protected under the bankruptcy) with the lien satisfied. {Including, any secured debt on any vehicle or mobile home.}
  (2) Collateral being paid for by the debtor does not revest upon confirmation.
  (3) Debtor will not protect any CO-SIGNERS on any debts unless otherwise specified above.
  (4) Reject GAP Insurance & Service/Maintenance contracts on all vehicles unless otherwise specified.
  (5)To the extent allowed under 11 USC §522(f), upon discharge; the following non-possessory liens and/or judicial liens {except those for domestic support obligations under 11 USC §523(a)(5)} will be avoided all Creditors shall cancel said lien(s) of record within 15 days of notice of discharge.
  **JUDGMENTS:**
  **NPHGS: Lendmark**
  (6) No student loans will be paid through the bankruptcy unless otherwise specified herein.
  (7) PAYROLL DEDUCTION has already been requested from: XoTech.
  (8) Debtor proposes to **reject** the following executory contract(s): **(1) RTO 3 Recliners with Merchants Preferred (2) RTO DR Set with Okinus (3) RTO DR Set & 2 Recliners with Progressive Leasing.**
  *(9) Per paragraph 3.6 (above) all collateral being surrendered is in full satisfaction of the debt unless otherwise specified in 3.6 above.*
  *(10) Per paragraph 4.1 (above) attorneys' fees will be awarded $175.00/hour based on itemizations to be filed by the debtor's attorney, and served in accordance with 11 U.S.C § 330(a)(4)(B). Attorney fees will not exceed $3,250.00 unless a separate itemization is served on all creditors at least 21 days in advance.*

**Part 7: Signatures**

7.1.  **Certification:** The debtor(s)' attorney (or debtor(s), if not represented by an attorney) certifies that all provisions of this plan are identical to the Official form of the Middle District of Georgia. except for language contained in **Part 6: Nonstandard Provisions.**

BNK-ALL CREDITORS CERTIFICATE OF SERVICE: This is to certify that I have this day served all creditors, the standing Trustee, and the U.S. Trustee, as more specifically shown on the attached list of creditors, with a copy of the foregoing matters by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon by hand-delivery or by electronic notice.

_____11-8-19_____                              _____/s/ Charles R. Hunt_____
Date                                                    Charles R. Hunt, Attorney for Debtor

DOCUMENT PREP. BY: CHARLES R. "CHAD" HUNT ❖ STATE BAR GA. 0378493 ❖ 112 EAST LEE STREET ❖ DAWSON, GEORGIA 39842 ❖ Fax Available on Request PH.(229)995-4868
E-mail: chadhuntlaw@gmail.com
END OF DOCUMENT

ALLTEL
C/O AFNI, INC
PO BOX 3427
BLOOMINGTON IL 61702

ALLTEL
1001 TECHNOLOGY DRIVE
LITTLE ROCK AR 72223

AMERICAN CREDIT ACCEPTANCE
961 E MAIN ST
SPARTANBURG SC 29302

ANDREW THOMAS
614 DIVISION ST
SHELLMAN GA 39886

CHAPTER 13 TRUSTEE
PO BOX 1907
COLUMBUS GA 31902

CHECK INTO CASH OF ALABAMA LLC
1402 EUFAULA AVE
EUFAULA AL 36027

COLLECTION BUREAU OF SW GEORGIA, INC
PO BOX 70398
ALBANY GA 31708

CREDIT BUREAU OF SOUTH
PO BOX 1966
ALBANY GA 31702

CREDIT ONE BANK
PO BOX 98873
LAS VEGAS NV 89193

FREDERICK B. PEAK
769 PAT WHATLEY RD
DAWSON GA 39842

GA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS-BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3205

GE CAPITAL RETAIL BANK
C/O RECOVERY MGMT SYSTEMS CORP
25 SE 2ND AVE STE 1120
MIAMI FL 33131-1605

IRS
PO BOX 7346
PHILADELPHIA PA 19101-7346

JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-9617

LENDMARK FINANCIAL
2118 USHER ST NW
COVINGTON GA 30014-2434

MERCHANTS PREFERRED LEASE-PURCHASE
5500 INTERSTATE NORTH PARKWAY
SUITE 225
ATLANTA GA 30328

NAVY FEDERAL CREDIT UNION
PO BOX 3700
MERRIFIELD VA 22119

OKINUS CREDIT SOLUTIONS
PO BOX 691
PELHAM GA 31779

PERITUS PORTFOLIO SERVICES
PO BOX 141419
IRVING TX 75014-1419

PHOEBE PHYSICIANS GROUP, INC
PO BOX 3109
ALBANY GA 31706-3109

PHOEBE PUTNEY MEMORIAL HOSPITAL
PO BOX 3770
ALBANY GA 31706-3770

PHOEBE PUTNEY OUTPATIENT
C/O COLLECTION BUREAU OF SWGA INC
PO BOX 70398
ALBANY GA 31708

PROGRESSIVE LEASING
256 W DATS DR #100
DRAPER UT 84020-2315

RANDOLPH COUNTY SUPERIOR COURT
PO BOX 98
CUTHBERT GA 39840-0098

SUNTRUST
C/O FFAM
3091 GOVERNORS LAKE DR SUITE 500
PEACHTREE CORNERS GA 30071

SUNTRUST BANK
BANKRUPTCY DEPARTMENT
PO BOX 85092
RICHMOND VA 23286

TERRELL COUNTY SUPERIOR COURT
PO BOX 189
DAWSON GA 39842

TITLE BUCKS
DBA TITLEMAX
CORPORATE OFFICE
15 BULL STREET SUITE 200
SAVANNAH GA 31401

U.S. TRUSTEE
440 MARTIN LUTHER KING JR BLVD
SUITE 302
MACON GA 31201

UNITED STATES ATTORNEY GENERAL
950 PENNSLYVANIA AVE NW
WASHINGTON DC 20530-0001

| | | |
|---|---|---|
| UNITED STATES ATTORNEYS OFFICE<br>PO BOX 1702<br>MACON GA 31202 | VERIZON WIRELESS<br>1 VERIZON PL<br>ALPHARETTA GA 30004 | WEBBANK/FINGERHUT<br>C/O LVNV FUNDING, LLC<br>PO BOX 10587<br>GREENVILLE SC 29603 |
| WEBBANK/FINGERHUT<br>6250 RIDGEWOOD RD<br>SAINT CLOUD MN 56303 | WINDSTREAM<br>C/O SOUTHWEST CREDIT SYSTEMS<br>5910 W PLANO PKWY<br>SUITE 10<br>PLANO TX 75093 | WINDSTREAM<br>ATTN: SUPPORT SERVICES<br>1720 GALLERIA BLVD<br>CHARLOTTE NC 28270 |
| WORLD FINANCE COMPANY<br>ATTN: BANKRUPTCY DEPT.<br>PO BOX 6429<br>GREENVILLE SC 29606 | | |